UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS,<br><br>                Plaintiff,<br><br>   v.<br><br>The ISRB and STATE OF WASHINGTON,<br><br>                Defendants. | CASE NO. 3:25-cv-5944-TL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      This matter comes before the Court on the Report and Recommendation of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 2) and Plaintiff John Robert Demos, Jr.'s objections to the Report and Recommendation (Dkt. No. 3). Having reviewed the Report and Recommendation, Plaintiff's objections, and the relevant record, the Court OVERRULES Plaintiff's objections, ADOPTS the Report and Recommendation, and DISMISSES the case WITHOUT PREJUDICE.

ORDER ADOPTING REPORT AND RECOMMENDATION – 1

## I. BACKGROUND

Plaintiff is a state prisoner and a prolific litigant who is under pre-filing bar orders in multiple courts, including this Court, the Eastern District of Washington, Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). One of those orders from the Western District of Washington provides that Plaintiff may submit only three applications to proceed *in forma pauperis* ("IFP") and proposed actions each year. *See In re John Robert Demos*, No. MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ("the 1992 Bar Order"); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). At the time Plaintiff submitted his proposed complaint to the Court for filing, he had already exceeded his annual limit of IFP applications and proposed actions for the year 2025. *See, e.g.*, *Demos v. Trump*, No. C25-5249 (W.D. Wash. 2025); *Demos v. Ewing*, No. C25-413 (W.D. Wash. 2025); *Demos v. Ferguson*, No. C25-5266 (W.D. Wash. 2025).

In addition, Plaintiff has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, No. MC99-113 (W.D. Wash. Aug. 23, 1999). Therefore under 28 U.S.C. § 1915(g), Plaintiff also must demonstrate an "imminent danger of serious physical injury" to proceed IFP. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052–53 (9th Cir. 2007).

## II. DISCUSSION

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("[The Court] must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the

1  matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C.
2  § 636(b)(1). A party properly objects when the party files "specific written objections" to the
3  report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

4      While Mr. Demos filed a timely objection, his only ground for his objection is that he
5  challenges the constitutionality of the bar orders that have been entered against him. *See* Dkt. No.
6  3 at 1. However, the time for challenging the bar orders has long passed. *See Demos v. U.S. Dist.*
7  *Ct. for E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991) ("Because Demos did not appeal
8  from the standing orders, they have become final.").

9      Here, the fact that Plaintiff has filed more than three cases this year precludes Plaintiff
10 from proceeding with this action. Dkt. No. 2 at 2. However, this Court has previously found that
11 the bar orders that limit Plaintiff to three IFP applications per year do not apply to subsequent
12 applications if he plausibly pleads imminent danger and meets all other procedural requirements
13 of the prior injunctions. *Demos v. Jackson*, No. C22-5480, 2022 WL 3227427, at *2 (W.D.
14 Wash. Aug. 10, 2022) (citing 28 U.S.C. § 1915(g)).

15     The Report and Recommendation informed Plaintiff that his allegations of imminent
16 danger "are too conclusory and speculative to establish imminent danger of serious physical
17 injury." Dkt. No. 2 at 3. In addition, while Plaintiff alleges an August 2025 assault at Airway
18 Heights Corrections Center, at the time he filed this action, he had been transferred to (and is
19 currently housed at) the Washington State Penitentiary. *Id.* Therefore, even if the Court accepted
20 that Plaintiff might have been in danger at some point, he clearly was not in danger at the time he
21 filed his complaint. Plaintiff's objection neither addresses this at all nor asserts in any way that
22 he is still in any imminent danger.
23 //
24 //

Therefore, it is hereby ORDERED:

1. The Court ADOPTS the Report and Recommendation and OVERRULES Plaintiff's objections.

2. Plaintiff's proposed in forma pauperis ("IFP") application (Dkt. No. 1) is DENIED, and this action is DISMISSED WITHOUT PREJUDICE.

3. The Clerk is DIRECTED to enter judgment and close this case.

Dated this 17th day of December 2025.

Tana Lin
United States District Judge